**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

CONLEY CORPORATION,

            Plaintiff,

vs.

INDUSA, INC.,

            Defendant.

Case No. 05-CV-108-CVE-FHM

**REPORT AND RECOMMENDATION**

Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) or Alternatively, Motion to Transfer [Dkt. 28] has been referred to the undersigned United States Magistrate Judge for report and recommendation. The matter has been fully briefed and the undersigned has determined that no hearing is necessary to resolve the matter.

**I. Background[1]**

Plaintiff manufactures and sells fiberglass pipe products from its principal place of business in Oklahoma. Defendant is a foreign corporation which is incorporated in Puerto Rico and has its principal place of business there. For years Defendant has purchased products from Plaintiff in Oklahoma and resold them in Puerto Rico. Defendant takes title to the products FOB in Tulsa, Oklahoma. Defendant's purchases from Plaintiff have been facilitated by Defendant's regular telephone and e-mail communication with Plaintiff in Oklahoma; by Defendant placing orders with Plaintiff in Oklahoma; by remitting payment

---

[1] The district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by the defendant. Only the well pled facts of a plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, notwithstanding the contrary presentation by the moving party. *Ten Mile Industrial Park v. Western Plains Service Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987).

to Plaintiff in Oklahoma, and by occasional visits by Defendant's employees to Plaintiff's facilities in Oklahoma.

## II. Plaintiff's Claims and Request for Relief

In its Complaint, Plaintiff alleges that Defendant has sold, or offered to sell, the fiberglass pipe products in Puerto Rico at anti-competitive prices which are higher than Plaintiff's suggested prices thereby reducing sales of Plaintiff's products in Puerto Rico. Plaintiff also claims the Defendant has publicly claimed to be Plaintiff's exclusive distributor in Puerto Rico and threatened others not to sell Plaintiff's products in Puerto Rico and has thereby reduced Plaintiff's sales in Puerto Rico.

Plaintiff seeks: damages; a declaration that Defendant is not Plaintiff's exclusive distributor in Puerto Rico; and an injunction prohibiting Defendant from selling Plaintiff's products at anti-competitive prices in Puerto Rico and prohibiting Defendant from interfering with Plaintiff or others selling Plaintiff's products in Puerto Rico.

All of Plaintiff's claims and its requests for relief address Defendant's activities which take place in Puerto Rico. None of Plaintiff's claims, nor its requests for relief concern the purchase of Plaintiff's products in Oklahoma, the delivery of Plaintiff's products in Oklahoma, or payment for Plaintiff's products in Oklahoma.

## III. Personal Jurisdiction

Plaintiff bears the burden of establishing personal jurisdiction over the Defendant. *Far West Capital Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir. 1995). Personal jurisdiction over a non-resident defendant such as Indusa, Inc. must be established under the laws of the forum state and must not offend due process. *Rambo v. American Southern Insurance*

*Company*, 839 F.2d 1415, 1416 (10th Cir. 1988). Oklahoma provides for personal jurisdiction on any basis consistent with the Constitution of Oklahoma and the Constitution of the United States. 12 Okla. Stat. § 2004(f).

The Due Process Clause of the United States Constitution protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful contacts, ties, or relations. Personal jurisdiction is established by demonstrating that the defendant has sufficient contacts with the forum such that the defendant should have "reasonably anticipate[d] being haled into court there." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Therefore, a court may exercise personal jurisdiction over a nonresident defendant as long as there are "minimum contacts" between the defendant and the forum state.

"Minimum contacts" may be met in two ways. Consistent with due process, a court may assert <u>specific</u> jurisdiction over a non resident defendant if the defendant has purposefully directed his activities at residents of the forum, *and* the litigation results from alleged injuries that aries out of or relate to those activities. Alternatively, a court may exercise <u>general</u> jurisdiction. General jurisdiction is not related to the events giving rise to the suit. General jurisdiction may exist if a defendant has continuous and systematic general business contacts with the forum state. *Benton v. Cameco Corporation*, 375 F.3d 1070,1075, 1080 (10th Cir. 2004)(citations omitted).

### IV. Specific Jurisdiction

Plaintiff maintains that the Court has specific jurisdiction over Defendant. Plaintiff must demonstrate each of the following: (1) that Defendant has minimum contacts with the forum; (2) that the litigation arises out of or relates to those contacts; and (3) that the

3

exercise of jurisdiction does not offend notions of fair play and substantial justice. *See World-Wide Volkswagen*, 100 S.Ct. at 567; *Soma Medical International v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999); *OMI Holdings, Inc. v. Royal Ins. Co of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998).

### A. Minimum Contacts

Plaintiff argues that Defendant has purposefully directed its activities at Oklahoma for a number of years in the following ways. Defendant sent representatives to Plaintiff's facilities in Oklahoma on at least three occasions. Defendant placed purchase orders for Plaintiff's products by sending facsimiles and e-mails to Oklahoma. Plaintiff's products are shipped FOB Tulsa from Oklahoma to Puerto Rico. Under the FOB Tulsa shipping arrangement title, expense of shipping, and risk of loss pass to Defendant when the product is placed in the possession of the shipper. Defendant placed telephone calls to Plaintiff in Oklahoma concerning sales, engineering, pricing and delivery. Defendant remitted payment for product by check or wire transfer directed to Plaintiff or its bank in Oklahoma. Defendant's representatives threatened suit against Plaintiff in correspondence, telephone calls and e-mails directed to Plaintiff's offices in Oklahoma. For purposes of the jurisdiction analysis, the Court accepts the foregoing as true.

Plaintiff asserts that these contacts are sufficient to establish specific personal jurisdiction over Defendant. The Court disagrees. A defendant's contacts are sufficient if "the defendant purposefully directed its activities at the residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state.'" *OMI*, 149 F.3d at 1091 (quoting *Asahi*, 107 S.Ct. at 1030)(emphasis in original, internal citations omitted). Although Defendant has

engaged in activities necessary to facilitate its purchase of, and payment for, products from Plaintiff in Oklahoma, Plaintiff's action does not arise from those activities. Plaintiff's action, as plead in its Complaint, arises <u>entirely</u> from Defendant's activities <u>in Puerto Rico</u>: Defendant sells Plaintiff's products <u>in Puerto Rico</u>; Plaintiff complains about Defendant's pricing of Plaintiff's products <u>in Puerto Rico</u>; Defendant claims to be Plaintiff's exclusive distributer <u>in Puerto Rico</u>; Plaintiff seeks an injunction restraining Defendant from interfering with Plaintiff's customers <u>in Puerto Rico</u>; and Plaintiff seeks a declaration that Defendant is not its exclusive distributor <u>in Puerto Rico</u>. [Dkt. 2, p. 2-5].  Nothing within Plaintiff's complaint arises from any of Defendant's contacts with the state of Oklahoma.

The Court rejects Plaintiff's assertion that Defendant has cited "antiquated" cases in support of its arguments.  Plaintiff has not shown that any of Defendant's cases have been overruled.  Further, the Court rejects Plaintiff's contention that minimum contacts have been established by Defendant's "threatening letter."  The cases cited by Plaintiff wherein courts have found minimum contacts established by a single phone call are readily distinguishable from the instant case.

The dispute in *Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309, 1311 (10th Cir. 1982) centered around Defendant's non-payment for products ordered from the plaintiff located in the forum state by long-distance telephone call. Although the goods were shipped from yet another state, payments were to be remitted to the forum state.  The court found that these contacts were sufficient to establish jurisdiction to adjudicate the account.  Unlike the present case, the dispute between the parties arose directly from the contact with the forum state.  In *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244 (10th Cir. 2000), the Court found that an internet provider,

doing business in the northeastern and mid-Atlantic states, was subject to suit in Oklahoma based on its unauthorized routing of its customers' e-mail through a server in Oklahoma. Defendant initially mistakenly routed the e-mail messages to Plaintiff's server but failed to promptly correct the mistake after it had been notified. The Court found that Defendant purposefully availed itself of the Oklahoma server after being notified of the error. Notably, Plaintiff's action arose out of Defendant's improper use of its server, which was Defendant's contact with the forum state. In *Brown v. Flowers Indus., Inc.,* 688 F.2d 328. 332-33 (5th Cir. 1982) the Court found personal jurisdiction based upon a single long-distance telephone call, which was the sole contact with the forum. However, the claim in the case was that the call was defamatory. The call itself therefore was the source of the claimed injury in the forum state. In the present case, Defendant's contacts with the state of Oklahoma are too far attenuated from Plaintiff's claim to support the exercise of personal jurisdiction.

### B. Considerations of Fair Play and Substantial Justice

Even if Defendant's contacts were sufficient to establish personal jurisdiction, the Court must also inquire as to whether "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " *Burger King Corp.,* 471 U.S. at 476, 105 S.Ct. at 2184 (quoting *International Shoe,* 326 U.S. at 320, 66 S.Ct. at 160). The assertion of in personal jurisdiction comports with "fair play and substantial justice" if it is reasonable to require the Defendant to defend suit here. In assessing whether an exercise of jurisdiction is reasonable, the Court considers: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient

resolution of controversies; and (5) the shared interest of the several states in furthering fundamental social policies. *Benton v. Cameco Corporation*, 375 F.3d 1070, 1078 (10th Cir. 2004) (quoting *OMI*, 149 F.3d at 1095).

The reasonableness inquiry follows a sliding scale: the weaker the showing on minimum contacts, the less showing of unreasonableness is necessary to defeat jurisdiction. Alternatively, a strong showing of reasonableness may fortify a borderline showing of minimum contacts. *Benton*, 375 F.3d at 1079 (quoting *OMI*, 149 F.3d at 1092) (further citation omitted). Based on the weakness of the minimum contacts in this case a minimal showing of unreasonableness will defeat jurisdiction.

**1. Burden on Defendant.** The Defendant is located in Puerto Rico. It has no offices or property in Oklahoma, has no employees in Oklahoma, and is not licensed to do business in Oklahoma. The actions about which Plaintiff complains took place entirely in Puerto Rico. This court has no subpoena power over Defendant's witnesses in Puerto Rico. Fed.R.Civ.P. 45(b)(2). This factor weighs against the exercise of jurisdiction over Defendant in Oklahoma.

**2. Oklahoma's Interest in Litigating the Dispute.** States have an important interest in providing a forum where their residents can seek redress for injuries caused by out-of-state actors. The state's interest is also implicated where resolution of the dispute calls for application of the forum state's laws. *Id.* This factor weighs against the exercise of jurisdiction over Defendant in Oklahoma. Plaintiff's Complaint alleges injury to its interests and business relationships in Puerto Rico. None of the conduct at issue took place in Oklahoma. There has been no showing that Oklahoma's laws will apply to the

dispute. Further, Plaintiff requests an injunction that would control conduct in Puerto Rico and would be enforced there.

3. **Plaintiff's Interest in Convenient and Effective Relief.** Plaintiff has not established that it will not receive effective relief in Puerto Rico. This factor weighs against the exercise of jurisdiction over Defendant in Oklahoma.

4. **Interstate Judicial System's Interest in Obtaining Efficient Resolution.** This factor inquires about the location of the witnesses, where the wrong occurred, what forum's substantive laws govern the case, and whether jurisdiction is necessary to prevent piecemeal litigation. *Id.* at 1080. The witnesses are located both in Oklahoma and Puerto Rico, the wrong allegedly occurred in Puerto Rico, it appears Puerto Rico's substantive laws will govern the case, and there has been no showing that the case is in any danger of being resolved on a piecemeal basis. This factor weighs against the exercise of jurisdiction over Defendant in Oklahoma.

5. **State's Interest in Furthering Fundamental Substantive Social Policies.** This factor looks at the extent to which an exercise of personal jurisdiction in the forum would interfere with the sovereignty of another state or nation. *Id.* This factor also weighs against the exercise of jurisdiction over Defendant in Oklahoma. The possible issuance of an injunction, the enforcement of which would take place entirely in Puerto Rico, counsels strongly that an exercise of personal jurisdiction in Oklahoma would interfere with the

sovereignty of Puerto Rico. In addition, Puerto Rico apparently has a statute specifically dealing with the relationships between suppliers and dealers. [Dkt. 28, p. 18].[2]

Based on the foregoing, the Court determines that even if Defendant's contacts with the State of Oklahoma would support the exercise of personal jurisdiction, such an exercise of personal jurisdiction would offend traditional notions of fair play and substantial justice.

### V. General Jurisdiction

The Court must also inquire whether general jurisdiction exists. General jurisdiction is not related to the events giving rise to the suit, therefore courts impose a more stringent minimum contacts test, requiring the plaintiff to demonstrate the defendant's continuous and systematic general business contacts with the forum state. *Id.* Plaintiff has submitted nothing to counter the affidavit of Defendant's Executive Vice-President, Ramon Riancho Sanchez, who has sworn to the following:

> Indusa is not licensed to do business in Oklahoma, does not sell products in Oklahoma and does not maintain employees, offices, agents, or bank accounts in Oklahoma. Indusa does not hire salespersons to travel to Oklahoma to sell products, and does not recruit employees in Oklahoma. Further, Indusa does not pay taxes in Oklahoma.
>
> Indusa does not own, lease, or control property (real or personal) or assets in Oklahoma. Indusa does not have shareholders that reside in Oklahoma. Indusa does not maintain phone or fax listings within Oklahoma nor does Indusa advertise in Oklahoma. Indusa does not generate a

---

[2] Unless otherwise specified, all citations to the record herein will reflect the page number assigned by the CM-ECF docketing system, since the CM-ECF system counts unnumbered cover pages and preliminary pages (i, ii, etc.) the docket reference may not necessarily be the same as the page number printed at the bottom of the document.

> substantial percentage of its national sales through revenue generated in Oklahoma.

[Dkt. 28-2, p. 1]. Based on the foregoing, the Court finds that Plaintiff has not demonstrated that Defendant has continuous and systematic general business contacts with the State of Oklahoma.

In footnote 2 of its brief, Plaintiff requested an opportunity to conduct discovery to determine whether Defendant has continuous and systematic contacts upon which general jurisdiction could be based. [Dkt. 32, p. 13]. Based on the outcome of the fairness analysis, that request is denied.

## VI. Conclusion

Based on the foregoing analysis, the undersigned United States Magistrate Judge finds that the Court lacks personal jurisdiction over Defendant. The undersigned therefore RECOMMENDS that Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(2) [Dkt. 28] be GRANTED.[3]

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma within ten (10) days of being served with a copy of this report.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b) directs the district judge to:

> make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's

---

[3] The finding that the Court lacks personal jurisdiction over the Defendant, eliminates the necessity of addressing Plaintiff's alternative request for transfer of the case under 28 U.S.C. §1404 or §1406.

> disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed.R.Civ.P. 72(b); see also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 8th day of November, 2005.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE